UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL WILLLIAMS | CIVIL ACTION |
| VERSUS | |
| TRAVELERS INSURANCE COMPANY, ET AL. | NO. 16-593-SDD-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 4, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIONEL WILLLIAMS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO.  16-593-SDD-RLB** |
| **TRAVELERS INSURANCE COMPANY, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 5).  The motion is opposed. (R. Doc. 6).

**I.    Background**

On July 15, 2016, Lionel Williams ("Plaintiff") filed this action in the 18th Judicial District Court, West Baton Rouge Parish, Louisiana, naming as defendants Travelers Insurance Company, Penske Leasing and Rental Company, and David Collins. (R. Doc. 1-3).  Plaintiff alleges that he incurred injuries in an automobile accident involving a commercial truck owned by Penske and operated by Mr. Collins.

On September 8, 2016, Penske Truck Leasing Co., L.P. (asserting it was improperly referred to as Penske Leasing and Rental Company in the Petition) ("Penske") removed the action pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332. (R. Doc. 1).  Penske asserts that it was served process on August 9, 2016; Mr. Collins was served process on July 23, 2016; and The Phoenix Insurance Company (which Penske asserts was improperly referred to as Travelers Insurance Company in the Petition) ("Phoenix") was served process on July 25, 2016. (R. Doc. 1 at 2).  The Notice of Removal asserts that all of the defendants consent to the removal of the action. (R. Doc. 1 at 2).

1

The Notice of Removal was submitted on behalf of Penske (the removing defendant) by its counsel, Anthony M. Butler of Maricle & Associates. Mr. Butler's signature on the Notice of Removal does not indicate whether he also represents Mr. Collins or Phoenix. (R. Doc. 1 at 4). As an attachment to the Notice of Removal, however, Penske separately filed a "List of All Counsel," which was signed by Mr. Butler, indicating that Mr. Butler represents Penske, Mr. Collins, and Phoenix. (R. Doc. 1-2).

On September 21, 2016, Plaintiff filed the instant Motion to Remand. (R. Doc. 5).

## II.  Arguments of the Parties

Plaintiff argues that removal was procedurally defective, and the action should be remanded, because Mr. Collins and Phoenix[1] had been served prior to removal, but did not join in the removal or timely file a written consent to removal. (R. Doc. 5-1 at 1). Plaintiff argues that because written consent was not filed by Mr. Collins and Phoenix, the removal violated the "rule of unanimity" and remand is appropriate. (R. Doc. 5-1 at 3-5).

In opposition, Penske argues that Mr. Collins and Phoenix consented to the removal as stated in paragraphs 4 and 5 of the Notice of Removal. (R. Doc. 6).

## III.  Law and Analysis

The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

The "rule of unanimity" has been codified in 28 U.S.C. § 1446. *See Penson Fin. Servs., Inc. v. Golden Summit Investors Grp., Ltd.*, No. 12-300, 2012 WL 2680667, at *5 (N.D. Tex. July 5, 2012). Section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under

---

[1] Plaintiff appears to concede that he improperly named Phoenix as "Travelers Insurance Company" in the Petition.

2

section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action to federal court." Section 1446(b)(2)(C) states that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." The earlier-served defendant must consent to removal prior to the expiration of the later-served defendant's thirty-day deadline to remove the action. *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 702 (E.D. La. 2013).[2]

There is no dispute between the parties that Mr. Collins and Phoenix were served prior to removal. The sole dispute is whether those defendants timely consented to removal as required by 28 U.S.C. § 1446.

If a served defendant did not join in the actual removal, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *See Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *see also Crowley v. Amica Mut. Ins. Co.*, No. 12-775, 2012 WL 3901629 (E.D. La. Sept. 7, 2012) (noting that the recent amendments to the removal statutes do not affect the Fifth Circuit requirement of written consent by all defendants). This requirement is

---

[2] As removal of this action was made based on Penske's receipt of the initial pleading, the deadline for removal is controlled by 28 U.S.C. § 1446(b)(1). The Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading *'affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.,* 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). There is no dispute that Penske was served with the Petition on August 9, 2016, and removed within 30 days of service on September 8, 2016. Accordingly, the Court need not address the issue of whether the 30-day period for removal was triggered pursuant to 28 U.S.C. § 1446(b)(1). Furthermore, because the Court concludes that Penske's co-defendants consented to removal on September 8, 2016, the Court need not address whether consent to removal by Penske's co-defendants was required within 30 days of service of the Petition on Penske.

3

necessary to "'bind' the allegedly consenting defendant." *Getty Oil*, 841 F.2d at 1262 n.11. This Court has held that removal was not procedurally defective on the basis that a served defendant did not consent to removal when the following facts were established in the record: (1) the notice of removal specifically stated that the non-removing defendant had been informed of the notice of removal and consented to its filing; and (2) the notice of removal was signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by counsel indicating that he represented both the removing and non-removing defendants. *See Bethel v. Nat'l Indem. Ins. Co.*, No. 15-391, 2015 WL 5636433, at *3 (M.D. La. Sept. 4, 2015), *report and recommendation adopted*, 2015 WL 5634588 (M.D. La. Sept. 24, 2015).

The Notice of Removal filed by Penske states that Mr. Collins "[c]onsents to this removal" and Phoenix "[c]onsents to this removal." (R. Doc. 1 at 2). The Notice of Removal was signed, pursuant to Rule 11 of the Federal Rules of Civil Procedure, by Mr. Butler, counsel for Penske. (R. Doc. 1 at 4). An attachment to the Notice of Removal providing a "List of All Counsel" indicates that Mr. Butler serves as counsel for all defendants, Mr. Collins and Phoenix. (R. Doc. 1-2 at 1).[3]

Based on the foregoing, the removal papers as a whole provide "written indication" by counsel for Mr. Collins and Phoenix that those defendants consent to removal. *See Getty Oil*, 841

---

[3] Had the Notice of Removal not included written documentation that Mr. Butler represented the remaining defendants, then the simple representation that those defendants consent to the removal would be insufficient. *See Day v. Danny*, No. 15-832, 2016 WL 1033536, at *4 (M.D. La. Feb. 17, 2016) (despite the representation in the Notice of Removal that the non-removing defendants consented to removal, there was nothing in the record to indicate "that counsel for [the removing defendant] also represented the non-removing defendants at the time of removal"), *report and recommendation adopted*, 2016 WL 1064547 (M.D. La. Mar. 15, 2016); *see also Goldman v. Nationwide Mut. Ins. Co.*, No. 11-1414, 2011 WL 3268853, at *3 (E.D. La. July 28, 2011) (statement in notice of removal that "all other named defendants . . . consent" did not constitute sufficient written consent from all defendants); *Hammonds v. Youth for Christ USA*, No. 05-0531, 2005 WL 3591910 (W.D. Tex. Aug. 16, 2005) (representation in notice of removal that "We have conferred with counsel for [co-defendant] and they are in agreement with this removal" was insufficient).

F.2d at 1262 n.11 ("[T]here must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.").[4]

IV.     **Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 5) be **DENIED.**

Signed in Baton Rouge, Louisiana, on November 4, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[4] There is nothing before the Court to cast doubt on Mr. Butler's representation in the "List of All Counsel" attached to the Notice of Removal that he is counsel for all defendants.  Indeed, on the same day of removal, Mr. Butler filed an Answer on behalf of Penske, Mr. Collins, and Phoenix. (R. Doc. 2).

5